UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARYL FALLAS,<br><br>                              Plaintiff,<br><br>                   v.<br><br>CAVALRY SPV 1, LLC, SCHACHTER PORTNOY, LLC,<br><br>                              Defendants. | Civil Action No.:  12-cv-05664-PGS-DEA<br><br><br>**MOTION DATE:  November 5, 2012** |

**DEFENDANT SCHACHTER PORTNOY, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT FRCP 12(b)(6)**

Of Counsel:
Janice J. DiGennaro, Esq.
Douglas Tischler, Esq.

RIVKIN RADER LLP
Attorneys for Defendant,
SCHACHTER PORTNOY, LLC
926 RXR Plaza
Uniondale, New York 11556-0926
(516) 357-3074

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 2

THE COMPLAINT ........ 3

ARGUMENT ........ 4

POINT I THE COMPLAINT FAILS TO STATE A CLAIM AGAINST SCHACHTER ........ 4

A. Plaintiff's FDCPA Claim Does Not State A Claim Against Schachter As The Plaintiff Did Not, And Cannot, Allege That Schachter Continued Its Collection Activities After Plaintiff Sent Its Request For Verification Of The Debt ........ 5

B. Plaintiff's FDCPA Claim Does Not State A Claim Against Schachter To The Extent It Seeks Statutory Damages Greater Than $1,000 ........ 7

C. Plaintiff's FCRA Claim Does Not State A Claim Against Schachter As Schachter Was Not The Furnisher Of The Information To The Credit Agencies And Because Plaintiff Does Not Have A Private Right Of Action ........ 8

D. Plaintiff's Intentional Infliction of Emotional Distress Claim Is Preempted By The FCRA And Does Not State A Cause of Action In Any Event ........ 10

CONCLUSION ........ 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Abuel v. U.S. Bank Nat'l Association,
   2006 U.S. Dist. Lexis 87437 (D.N.J. Dec. 4, 2006) ............................................................. 4, 5

Anderson v. DSM N.V.,
   589 F. Supp.2d 528 (D.N.J. 2008) ............................................................................................ 12

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ................................................................................................................... 4

Barberan v. NationPoint,
   706 F. Supp.2d 408 (S.D.N.Y. 2010) ......................................................................................... 8

Beattie v. D. M. Collections, Inc.,
   764 F. Supp. 925 (D. Del. 1991) ................................................................................................ 7

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ................................................................................................................... 4

Burrell v. DFS Services, LLC,
   753 F. Supp.2d 438 (D.N.J. 2010) ................................................................................ 8, 9, 10, 11

Carney v. Experian Information Solutions, Inc.,
   57 F. Supp.2d 496 (W.D.Tenn. 1999) ....................................................................................... 8

City of Pittsburgh v. West Penn Power Corp.,
   147 F.3d 256 (3d Cir. 1998) ...................................................................................................... 4

DiMedio v. HSBC Bank,
   2009 U.S. Dist. Lexis 52238 (D. N.J. June 22, 2009) ............................................................. 10

Donahue v. NFS, Inc.,
   781 F. Supp. 188 (W.D.N.Y. 1991) .......................................................................................... 7

Edwards v. Equable Ascent,
   2012 U.S. Dist. Lexis 54112 (D.N.J. Apr. 16, 2002) ..................................................... 8, 9, 10

Flizack v. Good News Home For Women, Inc.,
   346 N.J. Super 150, 787 A.2d 228 (App. Div. 2001) ............................................................. 12

Harper v. Better Business Services, Inc.,
   768 F. Supp. 817 (N.D. Ga. 1991), aff'd, 961 F.2d 1561 (11th Cir. 1992) ............................ 7, 8

Henderson v. Equable Assent Financial, LLC,
   2011 U.S. Dist. Lexis 127662 (D.N.J. Nov. 4, 2011) .............................................................. 11

Huertas v. Galaxy Asset Mgmt.,
    641 F.3d 28 (3d Cir. 2011) ..........................................................................................9

In Re Burlington Coat Factory Sec. Litigation,
    114 F.3d 1410 (3d Cir. 1997) ......................................................................................4

Jang v. A. M. Miller & Associates,
    122 F.3d 480 (7th Cir. 1997) .......................................................................................6

Kounelis v. Sherrer,
    529 F. Supp.2d 503 (D.N.J. 2008) ............................................................................11

Lorenzo v. Palisades Collection, LLC,
    2006 U.S. Dist. Lexis 17212 (D.N.J. Apr. 5, 2006) ...................................................9

Martinez v. Granite State Management and Resources,
    2008 U.S. Dist. Lexis 94995 (D.N.J. Nov. 20, 2008) ................................................9

Muldrow v. EMC Mortgage Corporation,
    766 F. Supp.2d 230 (D. D.C. 2011), aff'd, 444 Fed. Appx. 455 (D. C. Cir. 2011) ....7

Nelson v. Chase Manhattan Mortgage,
    282 F.3d 1057 (9th Cir. 2002) ...............................................................................9, 10

Nelson v. Equifax Information Services, LLC,
    522 F. Supp.2d 1222 (C.D. Cal. 2007) .......................................................................7

Nonnemacher v. Capital One,
    2011 U.S. Dist. Lexis 35639 (D.N.J. Mar. 31, 2011) ..............................................11

Overcash v. United Abstract Group, Inc.,
    549 F. Supp.2d 193 (N.D.N.Y. 2008) ........................................................................8

Pension Benefit Guaranty Coporation v. White Consolidated Industries, Inc.,
    998 F.2d 1192 (3d Cir. 1993) .....................................................................................4

R.K. v. Y.A.L.E. Schools, Inc.,
    621 F. Supp.2d 188 (D.N.J. 2008) ............................................................................11

Ruff v. America's Servicing Company,
    2008 U.S. Dist. Lexis 33447 (W.D. Pa. Apr. 23, 2008) ...........................................10

Sambor v. Omnia Credit Services, Inc.,
    183 F. Supp.2d 1234 (D. Haw. 2002) ........................................................................6

Shimek v. Forbes,
    374 F.3d 1011 (11th Cir. 2004) ..................................................................................6

Simmsparris v. Countywide Financial Corp.,
  652 F.3d 355 (3d Cir. 2011) .................................................................................. 9

Smith v. Township of East Greenwich,
  519 F. Supp.2d 493 (D.N.J. 2007), aff'd, 344 Fed. Appx. 740 (3d Cir. 2009) ....... 12

Smith v. Transworld Systems, Inc.,
  953 F.2d 1025 (6th Cir. 1992) ................................................................................ 6

Taylor v. Metzger,
  152 N.J. 490, 706 A.2d 685 (1998) ...................................................................... 12

Teng v. Metropolitan Retail Recovery Inc.,
  851 F. Supp. 61 (E.D.N.Y. 1994) ........................................................................... 7

White v. Bruck,
  927 F. Supp. 1168 (W.D. Wis. 1996) ..................................................................... 7

Witherspoon v. Rent-A-Center, Inc.,
  173 F. Supp.2d 239 (D.N.J. 2001) ........................................................................ 12

Wright v. Finance Service of Norwalk, Inc.,
  22 F.3d 647 (6th Cir. 1994) .................................................................................... 7

Young v. Equifax Credit Information,
  294 F.3d 631 (5th Cir. 2002) .................................................................................. 9

**STATUTES**

Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. ("FCRA") ............................................. passim

Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq. ("FDCPA") ................................. passim

**OTHER AUTHORITIES**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ..................................................... 1, 2, 4, 13

**PRELIMINARY STATEMENT**

The instant memorandum of law is submitted on behalf of the defendants Schachter Portnoy LLC's (hereinafter referred to as "Schachter") motion to dismiss the complaint as against this defendant pursuant to FRCP 12(b)(6).

This action is for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq. ("FDCPA"), alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. ("FCRA") and for intentional infliction of emotional distress. The plaintiff claims herein that he sent a written request for debt verification information and never received a response. Instead, plaintiff claims he received two letters <u>from co-defendant Calvary</u> and that these communications were a violation of the FDCPA. Plaintiff further alleges that defendants falsely reported negative activity on his credit reports and that this was a violation of the FCRA.

The plaintiffs do not state a claim under the FDCPA against Schachter as the plaintiff does not allege <u>Schachter</u> failed to cease its collection activities after the plaintiff requested debt verification information. Under the FDCPA a debt collector such as Schachter does not have to send verification information to the plaintiff where, as here, the debt collector ceases its collection activities.

Plaintiff's FDCPA claim fails to state a claim to the extent he seeks statutory damages greater than $1,000 per defendant. Plaintiff's complaint alleges he is seeking statutory damages in the amount of $1,000 per violation. However, in a case brought by an individual the maximum additional damages per defendant is $1,000 for each action, not $1,000 per alleged violation.

Plaintiff's FCRA claim fails to plead a cause of action against Schachter because the complaint fails to plead that <u>Schachter</u> furnished the debt information to the credit reporting agency. In fact, plaintiffs own documents establish that Calvary was the one that reported the

1

debt information to the credit reporting agencies. Additionally, there is no private right of action under the FCRA for purposes of recovering for alleged incorrectly reporting of information to the credit reporting agencies. The enforcement of this aspect of the FCRA is left to governmental bodies, not private individuals.

Plaintiff's intentional infliction of emotional distress claim is preempted by the FCRA. This Court has repeatedly held that the FCRA's preemption provisions prempts all state causes of action with respect to claims relating to furnishers of information to consumer reporting agencies.

Moreover, the third cause of action merely labels the cause of action as "intentional infliction of emotional distress" without pleading any facts to indicate that the plaintiff possesses a viable claim. The plaintiffs have not pled Schachter intended to cause the plaintiff emotional distress, have not pled the requisite severe and outrageous conduct and have not pled that Schachter's conduct proximately caused the plaintiff severe emotional distress.

In sum, the complaint and the documentary evidence establish that Schachter is entitled to the dismissal of the complaint pursuant to FRCP 12(b)(6).

## STATEMENT OF FACTS

This is an action for alleged violation of the FDCPA and FCRA and for intentional infliction of emotional distress. On November 14, 2011 Schachter sent a letter to the plaintiff advising the plaintiff that Schachter was retained to collect a debt of behalf of co-defendant Calvary and informing the plaintiff of certain information required under the FDCPA. See Exhibit "A" to the Complaint. On or about November 17, 2011 the plaintiff alleges he sent a letter back to Schachter disputing the validity of the debt and requesting certain verification information. See Exhibit "B" to the Complaint. The complaint alleges that the plaintiff did not receive the requested debt verification information from Schachter but does not allege that

Schachter thereafter continued with its collection activities. See Complaint at First Cause of Action. Instead, plaintiff predicates his FDCPA claim on two letters dated April 19, 2012 and June 20, 2012 sent by Calvary in their subsequent effort to collect the debt. See Exhibits "D" and "E" to the Complaint. The letters attached as exhibits "D" and "E" to the complaint do not contain Schachter's letter head, address, telephone and instead clearly indicates that the communication is coming from Calvary. Compare Exhibit "A" with Exhibits "D" and "E".

Several months after Schachter ceased its efforts to collect on plaintiff's debt, on or about February 14, 2012 Calvary reported plaintiff's delinquent account to the credit reporting agencies known as Experian and Equifax. See Exhibit "A" to Douglas Tischler's Declaration.

## THE COMPLAINT

The bare bones complaint contains three causes of action. The first cause of action alleges that the defendants violated the FDCPA by not providing the plaintiff with proof of the alleged debt and by failing on two occasions to cease and desist further communicating with the plaintiff about the debt. This cause of action seeks damages in the amount of $1,000 per violation.

The second cause of action alleges violation of the FCRA "for falsely reporting negative activity on my credit reports." This cause of action seeks recovery of punitive damages.

The third cause of action alleges "intentional infliction of emotional distress". The plaintiff pleads no facts in support of this cause of action and merely recites the label of the tort.

At the end of the complaint the plaintiff makes a statement that he will ask the jury to decide the amount of damages he is entitled to but that for purposes of a possible default judgment he would ask the Court to award him $3,000 for violations of the FDCPA plus $100,000 in punitive damages plus any other damages as the Court may impose plus costs.

# ARGUMENT

## POINT I

### THE COMPLAINT FAILS TO STATE A CLAIM AGAINST SCHACHTER

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a cause of action shall be dismissed if the complaint fails to state a claim upon which relief can be granted. On a Rule 12(b)(6) motion the Court is asked to assess the legal feasibility of the complaint. See In Re Burlington Coat Factory Sec. Litigation, 114 F.3d 1410 (3d Cir. 1997). To survive a motion to dismiss, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Plaintiff's obligation to provide the grounds of his or her entitlement to relief requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action is not sufficient. Id. The claim must be plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.; Ashcroft v. Iqbal, 556 U.S. 662 (2009).

On a motion to dismiss the Court may not only consider the facts alleged on the face of the complaint it may also consider any documents attached thereto as exhibits or incorporated by reference. See City of Pittsburgh v. West Penn Power Corp., 147 F.3d 256 (3d Cir. 1998). The Court may also consider matters of public record. Id. A Court may also consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion if the plaintiff's claims are based on the document. See Pension Benefit Guaranty Coporation v. White Consolidated Industries, Inc., 998 F.2d 1192 (3d Cir. 1993); Abuel v. U.S. Bank Nat'l

Association, 2006 U.S. Dist. Lexis 87437 (D.N.J. Dec. 4, 2006). Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied. Id.

As explained herein, the complaint, the exhibits attached thereto along with the documentary evidence that can properly considered by this Court on this motion establishes, as a matter of law, that the plaintiff's claim for violation of the FDCPA and the FCRA and for intentional infliction of emotional distress do not state a cause of action as against Schachter and should be dismissed.

A. Plaintiff's FDCPA Claim Does Not State A Claim Against Schachter As The Plaintiff Did Not, And Cannot, Allege That Schachter Continued Its Collection Activities After Plaintiff Sent Its Request For Verification Of The Debt

The plaintiff predicates his FDCPA claim on the notion that the defendants violated plaintiff's debt validation rights. See Complaint at First Cause of Action, filed as Document Number 1 (at Exhibit "A"). Specifically, the plaintiff alleges that the defendants, including Schachter, failed to respond to his written request for proof of the alleged debt and that thereafter he received two letters from co-defendant Calvary concerning the debt. See Exhibits "D" and "E" to the Complaint. Inasmuch as the plaintiff did not and cannot plead Schachter failed to cease its collection efforts after plaintiff sent his request for verification information the plaintiff cannot state a claim against Schachter for a FDCPA violation.

Section 1692g(b) of the FDCPA provides the following:

> "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thererof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or

5

> name and address of the original creditor, is mailed to the consumer by the debtor…"

See 15 U.S.C. § 1692g(b).

The language of the foregoing statute makes it clear that the statute does not require validation information be sent by a debt collector to a debtor within a certain amount of time or ever. Rather the statute only requires that the debt collector must "cease" collecting a debt until the debt collector has verified the debt and sent that verification to the debtor. See also Sambor v. Omnia Credit Services, Inc., 183 F. Supp.2d 1234 (D. Haw. 2002). The statute does not require both cessation of collection efforts and verification of the debt. Id.

In Jang v. A. M. Miller & Associates, 122 F.3d 480 (7th Cir. 1997), a debt collector seeking to collect on credit card debts agreed to return files to the creditor whenever a debtor requested verification. The Seventh Circuit affirmed the dismissal of the FDCPA claim even though the debt collector never provided to the debtor verification of the debt. The Seventh Circuit concluded that the statute requires only that a debt collector cease all collection activity until verification of the debt is provided to the debtor. The Court held:

> "Section 1692g(b) thus gives debt collectors two options when they receive requests for validation. They may provide the requested validations and continue their debt collecting activities, or they may cease all collection activities."

Id. at p. 483; see also Smith v. Transworld Systems, Inc., 953 F.2d 1025 (6th Cir. 1992) (holding the FDCPA is not violated when a debt collector ceases collecting a debt even though the debt was not verified); Shimek v. Forbes, 374 F.3d 1011 (11th Cir. 2004) (holding that if validation information is requested the debt collector just must cease collection activities and the debt

collector is not required to take any further action); Muldrow v. EMC Mortgage Corporation, 766 F. Supp.2d 230 (D. D.C. 2011), aff'd, 444 Fed. Appx. 455 (D. C. Cir. 2011).

Here, the plaintiff does not plead that Schachter continued its collection efforts after he send out the request for verification information. Rather, plaintiff's FDCPA claim is predicated on letters that were clearly sent by Calvary. See Exhibit "D" and "E" to the Complaint; see also Document Number 1 at Exhibit "C" (wherein it was noted Schachter ceased collection activities after receipt of plaintiff's letter requesting verification information). Accordingly, the plaintiffs have not stated a claim for violation of the FDCPA as against Schachter.

B.  Plaintiff's FDCPA Claim Does Not State A Claim Against Schachter To The Extent It Seeks Statutory Damages Greater Than $1,000

Plaintiff's FDCPA claim seeks damages in the amount of $1,000 per violation. See Complaint at First Cause of Action. To the extent plaintiff's FDCPA claim seeks statutory damages that are greater than $1,000 the claim should be dismissed as it seeks damages in excess of the statutory maximum.

The FDCPA statutory damage section provides that "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000". See 15 U.S.C. § 1692k (emphasis added). Based on the foregoing statutory language, the Courts have uniformly held that the maximum additional damages per defendant in a case brought by an individual is $1,000 for each action, not $1,000 per alleged violation. See Wright v. Finance Service of Norwalk, Inc., 22 F.3d 647 (6th Cir. 1994); Teng v. Metropolitan Retail Recovery Inc., 851 F. Supp. 61 (E.D.N.Y. 1994); Donahue v. NFS, Inc., 781 F. Supp. 188 (W.D.N.Y. 1991); Nelson v. Equifax Information Services, LLC, 522 F. Supp.2d 1222 (C.D. Cal. 2007); Beattie v. D. M. Collections, Inc., 764 F. Supp. 925 (D. Del. 1991); White v. Bruck, 927 F. Supp. 1168 (W.D. Wis. 1996); Harper v. Better Business Services, Inc., 768 F. Supp. 817 (N.D. Ga. 1991),

7

aff'd, 961 F.2d 1561 (11th Cir. 1992). Defendants are not jointly and severally liable for each other's damages. See Overcash v. United Abstract Group, Inc., 549 F. Supp.2d 193 (N.D.N.Y. 2008). Accordingly, the maximum additional statutory damages the plaintiff may recover on his FDCPA claim is $1,000 and to the extent the plaintiffs seeks a recovery more than this amount against Schachter his FDCPA claim does not state a cause of action.

C.   Plaintiff's FCRA Claim Does Not State A Claim Against Schachter As Schachter Was Not The Furnisher Of The Information To The Credit Agencies And Because Plaintiff Does Not Have A Private Right Of Action

Plaintiff's second cause of action alleges violation of the FCRA for "falsely reporting negative activity on my credit reports". See Complaint at Second Cause of Action. The plaintiff is therefore seeking to hold Schachter and the co-defendant liable as a "furnisher of information" under section 1681s-2 of the statute. See 15 U.S.C. § 1681s-2.

The plaintiff does not state a cause of action under the FCRA as against Schachter for the simple fact that the complaint does not plead Schachter was the furnisher of information to the credit reporting agencies and plaintiff's own documents establish that Cavalry Portfolio Service, not Schachter, was the furnisher of the information. See Complaint; Douglas Tischler's Declaration at Exhibit "A". The statute does not specifically provide a definition of a "furnisher of information" however the term is understood to mean any entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Experian, Equifax, etc. See Burrell v. DFS Services, LLC, 753 F. Supp.2d 438 (D.N.J. 2010); Edwards v. Equable Ascent, 2012 U.S. Dist. Lexis 54112 (D.N.J. Apr. 16, 2002); Barberan v. NationPoint, 706 F. Supp.2d 408 (S.D.N.Y. 2010); Carney v. Experian Information Solutions, Inc.. 57 F. Supp.2d 496 (W.D.Tenn. 1999). The credit report for Experian and Equifax that plaintiff attached to his Objection to Removal that he filed in state court clearly indicates that

Calvary Portfolio Service was the reporting entity, not Schachter. See Douglas Tischler's Declaration at Exhibit "A". Since plaintiff does not plead Schachter was the furnisher of the information to the credit reporting agencies and his own documents clearly indicate otherwise, the plaintiff cannot state a cause of action under the FCRA.

Moreover, plaintiff's FCRA claim must be dismissed as he has no private right of action based on the facts alleged. Subsection 1681s-2 of the FCRA addresses the responsibilities of information providers to consumer reporting agencies. Subsection (a) of section 1681s-2 places a duty on data furnishers to provide accurate information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate. Since the plaintiff herein is alleging false reporting of negative information to the consumer reporting agency the plaintiff is presumably attempting to plead a violation of subsection (a) of the statute. However, there is no private right of action for violations of 15 U.S.C. § 1681s-2(a) and enforcement is limited to governmental bodies only. See Simmsparris v. Countywide Financial Corp., 652 F.3d 355 (3d Cir. 2011).

In Huertas v. Galaxy Asset Mgmt., 641 F.3d 28 (3d Cir. 2011), the Court held that a *pro se* plaintiff could not bring an action against a data furnisher for transmitting his credit information to a debt collection agency because no private right of action exists under subsection (a) of the statute. Similarly, in Edwards v. Equable Ascent, supra, Burrell v. DFS Services, LLC, supra, Lorenzo v. Palisades Collection, LLC, 2006 U.S. Dist. Lexis 17212 (D.N.J. Apr. 5, 2006) and Martinez v. Granite State Management and Resources, 2008 U.S. Dist. Lexis 94995 (D.N.J. Nov. 20, 2008), this Court held that 15 U.S.C.§ 1681s-2(a) contains no provision for bringing a private right of action and accordingly dismissed the claim predicated on that statutory subsection. See also Young v. Equifax Credit Information, 294 F.3d 631 (5th Cir. 2002); Nelson

v. Chase Manhattan Mortgage, 282 F.3d 1057 (9th Cir. 2002); Ruff v. America's Servicing Company, 2008 U.S. Dist. Lexis 33447 (W.D. Pa. Apr. 23, 2008). Inasmuch as there is no private right of action predicated on inaccurate reporting to a credit reporting agency, plaintiff's cause of action for violation of the FCRA should be dismissed.

D.     Plaintiff's Intentional Infliction of Emotional Distress Claim Is Preempted By The FCRA And Does Not State A Cause of Action In Any Event

The plaintiff's third cause of action attempts to assert a common law claim for intentional infliction of emotional distress. See Complaint at Third Cause of Action. This claim must be dismissed as it is preempted by the FCRA and because the plaintiff has not pled the requisite elements in order to state such a claim.

The FCRA contains two provisions that effectively preempt most, if not all, state causes of action. See 15 U.S.C. § 1681h(e) and 15 U.S.C. § 1681t(b)(1)(F). The second preemption provision, 15 U.S.C. § 1681t(b)(1)(F), states that "no requirement or prohibition may be imposed under the laws of any State – (1) with respect to any subject matter regulated under – (F) section 1681s-2 of this title, relating to responsibilities of persons who furnish information to consumer reporting agencies." Based on the language of this section this Court has held that the statute preempts all state causes of action, both statutory and common law, with respect to claims relating to furnishers of information to consumer reporting agencies. See Edwards v. Equable Assent, supra at *18 ("This Court has adopted a total pre-emption approach"); Burrell v. DFS Services, LLC, supra at p. 451 (holding § 1681t(b)(1)(F) preempts plaintiff's intentional infliction of emotional distress claim since this subsection "leaves no room for state law claims against furnishers of information…regardless of whether those claims are couched in terms of common law or state statutory obligations"); DiMedio v. HSBC Bank, 2009 U.S. Dist. Lexis 52238 at *9 (D. N.J. June 22, 2009) ("Finally, the Court will dismiss Plaintiff's common law

10

claims because the FCRA expressly preempts state causes of action 'relating to the responsibilities of persons who furnish information to consumer reporting agencies.'"); Nonnemacher v. Capital One, 2011 U.S. Dist. Lexis 35639 at * 10 (D.N.J. Mar. 31, 2011) (holding plaintiff's state common law claims were preempted because "[t]he phrase '[n]o requirement or prohibition' sweeps broadly and suggests no distinction between positive enactments and common law; to the contrary, those words easily encompass obligations that take the form of common-law rules"); Henderson v. Equable Assent Financial, LLC, 2011 U.S. Dist. Lexis 127662 at *15 (D.N.J. Nov. 4, 2011) ("This Court finds the 'total preemption' approach set forth by Judge Debevoise in *Burrell* to be most faithful to the plain language and intended scope of Section 1681t(b)(1)(F)."). Therefore, to the extent the plaintiffs intentional infliction of emotional distress claim is in connection with defendants allegedly providing false negative activity on his credit reports, this claim is preempted by section 1681t(b)(1)(F) of the FCRA which bars all state law causes of action against furnishers of consumer credit information.

Additionally, the plaintiff has not and cannot properly plead the elements of this tort. To properly plead an intentional infliction of emotional distress claim under New Jersey law, a plaintiff must plead that: (1) the defendant intended to cause emotional distress or that the defendant knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous; (3) the actions proximately caused emotional distress; and (4) the plaintiff's emotional distress was so severe that no reasonable person could be expected to endure it. See R.K. v. Y.A.L.E. Schools, Inc., 621 F. Supp.2d 188 (D.N.J. 2008); Kounelis v. Sherrer, 529 F. Supp.2d 503 (D.N.J. 2008) Extreme and outrageous conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized

11

community. See Anderson v. DSM N.V., 589 F. Supp.2d 528 (D.N.J. 2008); Witherspoon v. Rent-A-Center, Inc., 173 F. Supp.2d 239 (D.N.J. 2001) This tort is limited in scope and liability does not extend to many kinds of unjust, unfair and unkind conduct including mere insults, indignities, threats, annoyances, petty oppressions or other trivialities. See Smith v. Township of East Greenwich, 519 F. Supp.2d 493 (D.N.J. 2007), aff'd, 344 Fed. Appx. 740 (3d Cir. 2009). A claimant cannot recover for idiosyncratic emotional distress that would not be experienced by the average person. See Taylor v. Metzger, 152 N.J. 490, 706 A.2d 685 (1998); Flizack v. Good News Home For Women, Inc., 346 N.J. Super 150, 787 A.2d 228 (App. Div. 2001).

The complaint does not plead any of the foregoing elements to state a cause of action for intentional infliction of emotional distress. The complaint does not plead any facts to suggest that Schachter intended to cause the plaintiff emotional distress or that they knew that their alleged failure to give verification of the debt was likely to cause such severe emotional distress. The alleged failure to give verification of the debt or the alleged reporting of information to the credit reporting agencies is also not the requisite type of severe and outrageous conduct that is necessary in order to state a cause of action. The complaint also fails to plead any facts to indicate that Schachter's alleged conduct proximately caused the plaintiff severe emotional distress. In short, the third cause of action merely labels the cause of action as "intentional infliction of emotional distress" without even making an attempt to plead any facts to indicate that he possesses a viable tort claim. Accordingly, the third cause of action should be dismissed for failing to state a cause of action.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the defendants Schachter Portnoy, LLC's motion be granted in its entirety and the complaint be dismissed as against this defendant pursuant to F.R.C.P. Rule 12(b)(6), together with such other and further relief as the Court deems just, proper and equitable.

Dated: Uniondale New York
       October 3, 2012

<div style="margin-left:40%;">

RIVKIN RADLER LLP
Attorneys for Defendant,
SCHACHTER PORTNOY, LLC
926 RXR Plaza
Uniondale, New York 11556-0926
(516) 357-3074

_____
Douglas Tischler (DGT-5866)

</div>

2663936 v1

13