## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY (TRENTON)

Daryl Fallas,

                **Plaintiff,**

                **v.**

Cavalry SPV I, LLC and Schachter Portnoy, LLC

              **Defendants**.

Hon. Peter G. Sheridan

Case No**.** 12-cv-05664-PGS-DEA

## DEFENDANT CAVALRY SPV 1, LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(b)(6)

On the Brief:

Rachel Marin, Esq.

MAURICE & NEEDLEMAN, P.C.
Attorneys for Defendant
Cavalry SPV 1, LLC
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ 08822
(908) 237-4550

**Date of Service**: October 3, 2012

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

STATEMENT OF MATERIAL FACTS . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL STANDARD FOR A MOTION TO DISMISS. . . . . . . . . . . . . . 1

PURPOSE OF THE FDCPA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.       PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. . . . . . . . . . . . . . . . . . . . . . 4

        A.  Plaintiff Makes No Allegation that the Debt was Primarily Incurred for Personal, Family or Household Use Related to Money, Property, Insurance or Services; Therefore, Plaintiff's Claims Must be Dismissed. . . . . . . . . . . .4

        B.  Plaintiff fails to allege that CPS and SPV are debt collectors as required by the Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    II.     EVEN IF THE DEBT WERE TO FALL WITHIN THE MEANING OF § 1692a(5), AND EVEN IF SPV WERE A DEBT COLLECTOR WITHIN THE MEANING OF § 1692(a)(6), THE FDCPA DOES NOT REQUIRE SPV TO PROVIDE PLAINTIFF WITH "PROOF" OF THE DEBT. . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.  Plaintiff Does not allege any Facts Indicating He Sent a Notice, Pursuant to § 1692g, to SPV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        B.  If SPV is a Debt Collector under the FDCPA, then SPV itself would be Required to Provide Plaintiff with the § 1692g(a) Disclosures; therefore, any dispute by Plaintiff to the Law Firm under § 1692g cannot be imputed to SPV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    III.    EVEN IF THE DEBT WERE TO FALL WITHIN THE MEANING OF § 1692a(5), PLAINTIFF FAILS TO STATE A CLAIM UNDER § 1692c(c) BECAUSE HE DOE NOT ALLEGE THAT HE IS OBLIGATED OR ALLEGEDLY OBLIGATED TO PAY ANY DEBT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    IV.    EVEN IF THE DEBT WERE TO FALL WITHIN THE MEANING OF § 1692A(5), PLAINTIFF FAILS TO STATE A CLAIM UNDER  § 1692d . . . . 11

    V.     PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    VI.    THERE IS NO PRIVATE RIGHT OF ACTION FOR PROVIDING INACCURATE INFORMATION TO CREDIT REPORTING AGENCIES. . . . . . . . . . . 14

    VII.   TO THE EXTENT THAT PLAINTIFF'S COMPLAINT STATES COMMON LAW CLAIMS, THEY ARE PREEMPTED BY THE FCRA. . . . . . . . . . . 15

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

**Cases**

49 Prospect St. Tenants Ass'n v. Sheva Gardens, Inc., 227 N.J. Super. 449, 547 A.2d 1134 (App.Div.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n.7 (3d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Allen v. United Fin. Mortg. Corp., 660 F. Supp. 2d 1089 (N.D. CA 2009) . . . . .6

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5, 12, 14, 15

Bartell v. Dell Fin. Servs., 2007 U.S. Dist. LEXIS 736 (M.D. PA. 2007) . . . . . . 15

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) . . . . . . . . . . . 2, 3, 5, 12, 14, 15

Buckley v. Trenton Sav. Fund Soc'y, 111 N.J. 355, 544 A.2d 857 (1988) . . . . . 13

Campbell v. Chase Manhattan Bank, USA, N.A., 2005 U.S. Dist. LEXIS 16402 (D.N.J. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 299 (3d Cir. 2008) . . 4, 12

Dimedio v. HSBC Bank, 2009 U.S. Dist. LEXIS 52238 (D.N.J. June 22, 2009). . . . 15

Edwards v. Equable Ascent, Fin., 2012 U.S. Dist. LEXIS 54112 (D.N.J. Apr. 16, 2012). . 14, 15

Ellis v. Solomon & Solomon, P.C., 591 F.3d 130 (2d Cir. 2010) . . . . . . . . . . . . .7

Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) . . . . . . . . . . . . . . . 3

Francis v. Snyder, 389 F. Supp. 2d 1034 (N.D. Ill. 2005) . . . . . . . . . . . . . . . . 9

Goray v. Unifund CCR Partners, No. 06-00214, 2007 U.S. Dist. LEXIS 89552, 2007 WL 4260017 (D. Haw. Dec. 4, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991) . . . . . . . . . . . . . . . . . 3

Griswold v. J&R Anderson Bus. Servs., Inc., No. 82-1474-PA, 1983 U.S. Dist. LEXIS 20365 (D. Or. Oct. 21, 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Hawthorne v. Mac Adjustment, 140 F.3d 1367, 1371 (11th Cir. 1998) . . . . . . . .5

Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356 (E.D. Pa. 2001) . . 15, 16

Jones v. Weiss, 95 F. Supp. 2d 105 (N.D.N.Y 2000) . . . . . . . . . . . . . . . . . . . . . . 11

Lane v. Fein, Such & Crane, LLP, 767 F. Supp. 2d 382 (E.D.N.Y. 2011) . . . . . 10

Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389 (6th Cir. 1998) . . . . . . . . . . . . . 12

Martinez v. Granite State Mgmt. & Res., 2008 U.S. Dist. LEXIS 94995 (D.N.J. Nov. 20, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Matin v. Fulton, Friedman & Gullace, LLP, No. 11-2542, 2011 U.S. Dist. LEXIS 130943 (E.D. Pa. Nov. 14, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Ogbin v. GE Money Bank, 2011 U.S. Dist. LEXIS 64735 (D.N.J. June 13, 2011) . . . 10

Oppong v. First Union Mortg., 566 F. Supp. 2d 395 (E.D. Pa. 2008) . . . . . . . . . .9

Ortiz v. Malcolm S. Gerald & Assocs., 2012 U.S. Dist. LEXIS 69669 (D.N.J. May 17, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Peterson v. Portfolio Recovery Assocs., LLC, 430 Fed. Appx. 112 (3d Cir. 2011). . . 7

Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057 (7th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. Pa. 2000). . . 5

Raabe v. Rauch-Milliken Int'l, Inc., No. 10-2458, 2011 U.S. Dist. LEXIS 68409, 2010 WL 2533288 (E.D. Pa. June 24, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) . . . . . . . . . . . . . . 4

Senftle v. Landau, 390 F. Supp. 2d 463 (D. Md. 2005) . . . . . . . . . . . . . . . . . . . . . . 9

Shand-Pistilli v. Prof'l Account Servs., 2011 U.S. Dist. LEXIS 64446  (E.D. Pa. June 16, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

WL 1685698 (E.D. Va. June 12, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 300-01 (E.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Stair v. Thomas & Cook, 254 F.R.D. 191 (D.N.J. 2008) . . . . . . . . . . . . . . . . 8, 9

Taylor v. Metzger, 152 N.J. 490 (N.J. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tauro v. Asset Acceptance, 2012 U.S. Dist. LEXIS 85691 (W.D. Pa. June 20, 2012) . . 7

Tipping-Lipshie v. Riddle, No. 99-4646, 2000 U.S. Dist. LEXIS 2477, 2000 WL 33963916 (E.D.N.Y. Mar. 1, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Turner v. Shenandoah Legal Group, P.C., No. 3:06CV045, 2006 U.S. Dist. LEXIS 39341, 2006 WL 1685698 (E.D. Va. June 12, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Waters v. J.C. Christensen & Assocs., 2011 U.S. Dist. LEXIS 41075 (D. Mass. Mar. 4, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Weinstein v. Fink, No. 99 C 7222, 2001 U.S. Dist. LEXIS 2075, 2001 WL 185194 (N.D. Ill. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Witherspoon v. Rent-A-Center, Inc., 173 F. Supp. 2d 239 (D.N.J. 2001) . . . . . 13

Young v. Equifax Credit Information Systems, 294 F. 3d 631 (5th Cir. 2002). . . 15

Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163 (3d Cir. 1987) . . . . . . . . . 4

**Statutes**

15 U.S.C. §§ 1681. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

15 U.S.C. § 1681s-2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

15 U.S.C. §1681t(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

15 U.S.C. §§ 1692. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

15 U.S.C. § 1692a(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10, 11

15 U.S.C. § 1692a(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

15 U.S.C. § 1692c(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15 U.S.C. § 1692c(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

15 U.S.C. § 1692d. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

15 U.S.C. § 1692(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 U.S.C. § 1692g. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

15 U.S.C. § 1692g(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 9

15 U.S.C. § 1692g(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 10

**Rules**

Fed. R. Civ. Pro. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

**Other**

S. Rep. No. 95-382 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

53 Fed. Reg. 50097 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Defendant, Cavalry SPV I, LLC (hereinafter referred to as "SPV") by and through its counsel, Maurice & Needleman, P.C., hereby moves before this Court for an order pursuant to Fed. R. Civ. Pro. 12(b)(6) dismissing Plaintiff's, Daryl Fallas', Complaint for failure to state a claim. In support thereof SPV avers the following:

## STATEMENT OF MATERIAL FACTS

Plaintiff filed his complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, Mercer County on July 9, 2012. The Complaint names SPV and Defendant Schachter Portnoy, LLC (hereinafter, "the Law Firm") as Defendants. Defendant SPV removed the action to the District of New Jersey on September 12, 2012. (Doc. # 1).[1]

Plaintiff alleges that SPV and the Law Firm violated 15 U.S.C. §§ 1692, et seq. (the "Fair Debt Collection Practices Act" or "FDCPA"), 15 U.S.C. §§ 1681, et seq., (the "Fair Credit Reporting Act" or "FCRA") and alleges a state law claim for intentional infliction of emotional distress (hereinafter the "IIED Claim"). Id.  All of these claims are alleged to arise from a putative debt, which the Complaint fails to describe beyond stating the same to be "an alleged debt." Id.  As this brief will demonstrate, not all debts are actionable under the FDCPA and Plaintiff's failure to describe any facts concerning the nature of the debt or the business of the Law Firm or SPV are fatal to his FDCPA claim.

Plaintiff's allegations concerning alleged violations of the FCRA are equally flawed. Plaintiff alleges that Defendants violated the FCRA by "falsely reporting

---

[1] Plaintiff has moved to remand this matter to state court on the mistaken belief that SPV was served with his complaint more than 30 days prior to September 12, 2012, the date it removed the within matter to this Court. Plaintiff supports his motion by referencing proof of service upon co-Defendant SPL. SPV has filed opposition to Plaintiff's motion demonstrating it the Complaint was never served upon it.

1

negative activity on [his] credit reports." Compl. ¶3(3).  The Complaint says nothing more in support of the FCRA claim and as SPV explains below, the FCRA requires the Plaintiff to have taken certain steps to correct the alleged reporting, which steps must be affirmatively plead to state a claim.

Finally, Plaintiff's pleading of the IIED Claim is equally deficient. None of the perquisites necessary to state a claim for intentional infliction of emotional distress are alleged and this claim too must be dismissed.

## LEGAL STANDARD FOR A MOTION TO DISMISS

The standard for a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) is set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), where the Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted).  As Twombly suggests, "something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people' . . . . So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Id. at 557-58 (citations omitted).  The Twombly standard was further clarified in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) where the Supreme Court set forth a two-pronged approach to analyzing motions to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true,

2

but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S.Ct. at 1949-50).  Thus, the court must only accept "factual allegations" as true and determine whether they "give rise to an entitlement to relief."  Iqbal, 129 S.Ct. at 1949-50 (quoting Twombly, 550 U.S. at 557).  However, the Plaintiff is still required to plead "sufficient" facts to support his claim for relief.  Iqbal, 129 S.Ct. at 1949.

## **PURPOSE OF THE FDCPA**

Congress enacted the FDCPA in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

The FDCPA is considered a "strict liability" statute because "it imposes liability without proof of an intentional violation." Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n.7 (3d Cir. 2011).[2]

Courts examine communications under the FDCPA utilizing the "least sophisticated consumer" standard. Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). The least sophisticated standard also is designed to protect debt collectors from

---

[2] However, § 1692d(5)  requires a showing of intent on the part of the debt collector to cause harassment or abuse. See Shand-Pistilli v. Prof'l Account Servs., 2011 U.S. Dist. LEXIS 64446, at **15-16 (E.D. Pa. June 16, 2011) (dismissing a § 1692d(5) claim because the plaintiff failed to demonstrate the "the requisite actionable intent."). This matter does not allege a violation of § 1692d(5).

liability for "'bizarre or idiosyncratic interpretations of collection notices' by preserving at least a modicum of reasonableness, as well as 'presuming a basic level of understanding and willingness to read with care [on the part of the recipient].'" Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 299 (3d Cir. 2008) (citing Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quoting Wilson v. Quadramed Corp., 225 F.3d 350, 354-55 (3d Cir. 2000)).  Thus, although the FDCPA has enacted "to ease the lot of the naive, the standard does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety."Campuzano-Burgos, 550 F.3d at 299.

## **LEGAL ARGUMENT**

### I.     **PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FAIR DEBT COLLECTION PRACTICES ACT.**

#### A. **Plaintiff Makes No Allegation that the Debt was Primarily Incurred for Personal, Family or Household Use Related to Money, Property, Insurance or Services; Therefore, Plaintiff's Claims Must be Dismissed.**

"A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1167 (3d Cir. 1987); see also Matin v. Fulton, Friedman & Gullace, LLP, No. 11-2542, 2011 U.S. Dist. LEXIS 130943, at **11-13 (E.D. Pa. Nov. 14, 2011) (refusing to infer from a credit card statement that the purchases were made for primarily personal, family, or household purposes where the plaintiff was unable to recall the purpose of the purchases); Raabe v. Rauch-Milliken Int'l, Inc., No. 10-2458, 2011 U.S. Dist. LEXIS 68409, 2010 WL 2533288, at *1 (E.D. Pa. June 24, 2011) (defendant's

attempt to collect the from plaintiff personally failed to transform the alleged debt into a "debt" under § 1692a(5)).

"By the plain terms of the statute, not all obligations to pay are considered 'debts' subject to the FDCPA."  Hawthorne v. Mac Adjustment, 140 F.3d 1367, 1371 (11th Cir. 1998).  The FDCPA defines a "debt" as:

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

Plaintiff fails to allege that the debt was incurred, primarily, for personal, family, or household purposes. See id.  Additionally, Plaintiff fails to allege that the transaction was related to "money, property, insurance or services."  Thus, Plaintiff has merely asserted a conclusion of law which is insufficient to state a claim under Twombly and Iqbal and has not asserted facts which indicate that the nature of the putative debt here is of the type the FDCPA was designed to regulate.

Plaintiff's FDCPA claims must be dismissed.

### B. Plaintiff fails to allege that CPS and SPV are debt collectors as required by the Act.

"The FDCPA's provisions generally apply only to 'debt collectors.'"  Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. Pa. 2000) (citing Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1059 (7th Cir. 2000)); see also 15 U.S.C. 1692a(6).  A plaintiff must allege some facts which suggest a defendant is a

5

debt collector within the meaning of 1692a(6) to plead a violation of the FDCPA. <u>Allen v. United Fin. Mortg. Corp.</u>, 660 F. Supp. 2d 1089 (N.D. CA 2009). Not all persons who collect debts are "debt collectors" regulated by the FDCPA. <u>Pollice</u>, 225 F.3d at 403 ("The FDCPA's provisions generally apply only to 'debt collectors.' Creditors--as opposed to 'debt collectors'--generally are not subject to the FDCPA.") (internal citations omitted). The FDCPA defines a debt collector as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

 15 <u>U.S.C.</u> 1692a(6)

Plaintiff alleges no facts showing that the Defendant SPV's principal business is debt collection or that it was attempting to collect a debt owed to another. Thus, Plaintiff has merely asserted a conclusion of law which is insufficient to state a claim under <u>Twombly</u> and <u>Iqbal</u> or bring SPV within the ambit of a "debt collector" subject to the provisions of the FDCPA. Plaintiff therefore fails to state a claim under the FDCPA for this reason alone.

**II.   EVEN IF THE DEBT WERE TO FALL WITHIN THE MEANING OF § 1692a(5), AND EVEN IF SPV WERE A DEBT COLLECTOR WITHIN THE MEANING OF § 1692(a)(6), THE FDCPA DOES NOT REQUIRE SPV TO PROVIDE PLAINTIFF WITH "PROOF" OF THE DEBT.**

Plaintiff's FDCPA claim alleges that SPV failed to provide "proof" of the alleged debt. No provision of the FDCPA which requires a debt collector to provide "proof" of a debt or "prove" a debt.

The FDCPA provides a statutory framework by which debt collectors must provide certain disclosures in their initial communication or within 5-days of their initial communication. See 15 U.S.C. § 1692g(a).  If within 30-days of his receipt of the disclosures mandated by § 1692g(a), the consumer sends the debt collector a written notice stating the he disputes the debt, then the debt collector must cease further efforts to collect the debt and provide the consumer with what the FDCPA terms as "verification" of the debt before it can recommence collecting that debt. 15 U.S.C. § 1692g(b); Peterson v. Portfolio Recovery Assocs., LLC, 430 Fed. Appx. 112, 113, n. 2 (3d Cir. 2011).  This process, which the FDCPA terms "validation of debts" is designed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 95-382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699; Ellis v. Solomon & Solomon, P.C., 591 F.3d 130 (2d Cir. 2010).

It appears, although it is not very clear from a reading of the Complaint, that Plaintiff alleges SPV has violated § 1692g(b). In that case, to state a claim under § 1692g(b), Plaintiff must allege "(1) he sent a writing to the debt collector disputing the debt, and thus triggering the verification requirements; (2) the debt collector's response did not satisfy the verification requirements; and (3) that any post-dispute activity by the debt collector amounted to prohibited debt collection  activity." Tauro v. Asset Acceptance, 2012 U.S. Dist. LEXIS 85691, 9-10 (W.D. Pa. June 20, 2012) (citing Peterson, 430 Fed. Appx. at 166, n. 3).  Plaintiff has not alleged any of these facts. See id.

**A.  Plaintiff Does not allege any Facts Indicating He Sent a Notice, Pursuant to § 1692g, to SPV.**

Plaintiff only alleges he sent a letter dated November 17, 2011 to the Law Firm requesting verification of the debt. Compl., Ex. "B".  Plaintiff makes no allegation and attaches no evidence that he sent a request for verification to SPV.  Therefore, even if Plaintiff could satisfy the other deficiencies of his FDCPA claim, under the facts of his complaint SPV never became obligated to provide verification of the debt. See id.

**B.  If SPV is a Debt Collector under the FDCPA, then SPV itself would be Required to Provide Plaintiff with the § 1692g(a) Disclosures; therefore, any dispute by Plaintiff to the Law Firm under § 1692g cannot be imputed to SPV**

To the extent that Plaintiff might argue (but does not allege) that the Law Firm was acting as an agent of SPV and his November 17, 2011 notice to the Law Firm should somehow be imputed upon SPV, that argument would fail to sustain a claim under § 1692g(b). First, if there is any requirement on the part of SPV to comply with § 1692g(b), then SPV must itself be a debt collector within the meaning of the FDCPA, which Plaintiff does not allege. See Pollice v. Nat'l Tax Funding, L.P., 225 F.3d at 403. However, if such an allegation were made, then SPV itself would first be required to have provided Plaintiff with a separate notice under § 1692g(a) as part of or within 5-days of its initial communication to Plaintiff. 53 Fed. Reg. 50097, 50108 (1988) ("[a]n attorney who regularly attempts to collect debts by means other than litigation, such as writing the consumer demand letters (dunning notices) or calling the consumer on the phone about the obligation (except in response to a consumer's call to him after suit has been commenced), must provide the required notice, *even if a previous debt collector (or creditor) has given such a notice.*") (emphasis added); Stair v. Thomas & Cook, 254

F.R.D. 191, 197 (D.N.J. 2008) (citing 53 Fed. Reg. 50097, 50108); Turner v. Shenandoah

Legal Group, P.C., No. 3:06CV045, 2006 U.S. Dist. LEXIS 39341, 2006 WL 1685698, at

*11 (E.D. Va. June 12, 2006); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d

293, 300-01 (E.D.N.Y. 2005); Francis v. Snyder, 389 F. Supp. 2d 1034, 1040 n.2 (N.D.

Ill. 2005) ("the requirement of providing valid disclosures under § 1692g applies to each

debt collector"); Tipping-Lipshie v. Riddle, No. 99-4646, 2000 U.S. Dist. LEXIS 2477,

2000 WL 33963916, at *3 (E.D.N.Y. Mar. 1, 2000); Griswold v. J&R Anderson Bus.

Servs., Inc., No. 82-1474-PA, 1983 U.S. Dist. LEXIS 20365, at *3-4 (D. Or. Oct. 21,

1983).[3]

Because SPV, if it were a debt collector, must provide its own § 1692g(a)

disclosures to Plaintiff, any written dispute made by Plaintiff prior to a communication

---

[3] Like in so many instances of interpretation of the FDCPA, case law outside this District
holds the opposite and would not have subsequent debt collectors provide a § 1692g(a)
notice on or within 5-days of their initial communication. See Waters v. J.C. Christensen
& Assocs., 2011 U.S. Dist. LEXIS 41075, at **31-32 (D. Mass. Mar. 4, 2011); Oppong
v. First Union Mortg., 566 F. Supp. 2d 395, 403-04 (E.D. Pa. 2008), aff'd for other
reasons, 326 Fed. Appx. 663 (3rd Cir. 2009); Goray v. Unifund CCR Partners, No. 06-
00214, 2007 U.S. Dist. LEXIS 89552, 2007 WL 4260017, at * 8 (D. Haw. Dec. 4, 2007);
Nichols v. Byrd, 435 F. Supp. 2d 1101, 1106-07 (D. Nev. 2006); Senftle v. Landau, 390
F. Supp. 2d 463, 475 (D. Md. 2005); Weinstein v. Fink, No. 99 C 7222, 2001 U.S. Dist.
LEXIS 2075, 2001 WL 185194, at *7 (N.D. Ill. 2001). However, in Stair Judge Simandle
explained that the FDCPA should be read broadly to affect its salutary purpose. Stair, 254
F.R.D. at 196 (citing Brown v. Card Service Ctr, 464 F.3d 450, 453 (3d Cir. 2006)). The
purpose of § 1692g, as explained above, is to prevent a debt collector from dunning the
wrong person or dunning for the wrong amount. By excusing subsequent debt collectors
from sending § 1692g(a) notices this purpose is not effectuated. If a debt was paid (or
partially) paid to a prior debt collector, but mistakenly reassigned to a subsequent debt
collector, the consumer could not avail herself of the protections afforded by § 1692g and
there would be no way to cause collection efforts to stop, even though the debt was paid
or partially paid. Likewise, if a subsequent debt collectors were not required to provide §
1692g notices, if the "wrong person" received a debt collection communication from a
subsequent debt collector, the "wrong person" could not avail herself so § 1692g.

from SPV could not trigger SPV's obligations under § 1692g(b).  That obligation could not arise until Plaintiff received § 1692g(a) disclosures from SPV. <u>Ogbin v. GE Money Bank</u>, 2011 U.S. Dist. LEXIS 64735, at **15 (D.N.J. June 13, 2011).  In other words, a written dispute from a consumer made *before* a debt collector provides a consumer with § 1692g(a) disclosures cannot trigger the debt collector's obligations under § 1692g(b). <u>Lane v. Fein, Such & Crane, LLP</u>, 767 F. Supp. 2d 382, 388 (E.D.N.Y. 2011).

Therefore, Plaintiff having not alleged having ever made a written dispute to SPV after receiving a communication from SPV under § 1692g(a), has not stated a claim for § 1692g(b).

### III.   EVEN IF THE DEBT WERE TO FALL WITHIN THE MEANING OF § 1692a(5), PLAINTIFF FAILS TO STATE A CLAIM UNDER § 1692c(c) BECAUSE HE DOE NOT ALLEGE THAT HE IS OBLIGATED OR ALLEGEDLY OBLIGATED TO PAY ANY DEBT.

Even assuming, *arguendo*, that Plaintiff has alleged facts sufficient to identify the putative debt as a debt within the meaning of § 1692a(5), Plaintiff still fails to state a claim under § 1692c(c).  Plaintiff alleges that SPV "fail[ed] to cease and desist further communication (twice)." Compl. ¶3(1).  15 U.S.C. § 1692c(c) states:

> If a consumer <u>notifies a debt collector in writing</u> that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . . ."

(Emphasis added).

Plaintiff makes no allegation that he notified SPV in writing to cease communication and thus states no claim under § 1692c(c).  Nor does Plaintiff allege that SPV had actual knowledge of his demand to the Law Firm that the Law Firm cease communication. <u>See</u>

Ortiz v. Malcolm S. Gerald & Assocs., 2012 U.S. Dist. LEXIS 69669 (D.N.J. May 17,
2012) (recognizing, in the context of § 1692c(a)(2), that a debt collector cannot have
imputed knowledge from the creditor that the consumer is represented by an attorney,
rather "a debt collector must have actual knowledge of the debtor's representation" and
failure to allege actual knowledge is a basis for dismissal under Rule 12(b)(6)).
Likewise, in the context of § 1692c(c), a claim under § 1692c(c) is not cognizable unless
it is based on a debt collector's actual knowledge. See id.; see also Jones v. Weiss, 95 F.
Supp. 2d 105, 110 (N.D.N.Y 2000) ("Plaintiffs have come forward with no proof that
defendant had any actual knowledge of any communications by plaintiffs which required
the cessation of communication and defendant specifically denies any such knowledge.
This failure is fatal not only to plaintiffs' summary judgment motion, but to their claim
under 1692c(c).")

Thus, Plaintiff because Plaintiff has not asserted that he notified SPV to cease
communications with him or that SPV had actual knowledge of his demand to the Law
Firm that it cease communications, he has not stated a claim under § 1692c(c).

### IV.   EVEN IF THE DEBT WERE TO FALL WITHIN THE MEANING OF § 1692A(5), PLAINTIFF FAILS TO STATE A CLAIM UNDER § 1692d.

Even if the debt were to fall within the meaning of § 1692a(5), plaintiff fails to state a
claim under § 1692d.  Plaintiff simply alleges "harassment" with no supporting facts.
Comp. ¶3(1).  15 U.S.C. § 1692d states:

A debt collector may not engage in any conduct the natural consequence of which
is to harass, oppress, or abuse any person in connection with the collection of a

debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a (f)or 1681b (3) of this title.

> (4) The advertisement for sale of any debt to coerce payment of the debt.

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Plaintiff makes no allegation that SPV "engage[d] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  Certainly, Plaintiff only alleges is that SPV sent him two letters, which on their face are settlement offers which neither threaten an action or demand anything from Plaintiff. See Compl., Exhibits "D" and "E". Settlement letters are encouraged by the Third Circuit. Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 299 (3d Cir. Pa. 2008) ("Forbidding [settlement letters] 'would force honest debt collectors seeking a peaceful resolution of the debt to file suit in order to advance efforts to resolve the debt -- something that is clearly at odds with the language and purpose of the [Act].") (citing Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 399 (6th Cir. 1998))

Plaintiff does not allege any facts to suggest conduct other than SPV made written settlement offers to him – conduct plainly outside that described or contemplated by § 1692d(1)-(5).  Under Twombly and Iqbal, bare conclusions of law are not enough to state

12

a claim, which is precisely the content of Plaintiff's Complaint. He has not stated a claim under § 1692d or (d)(1)-(5).

**V.    PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

First, Plaintiff's common law claims are precluded by the FCRA (see section VII below).   However, even assuming, *arguendo*, that Plaintiff's claim for intentional infliction of emotional distress was not precluded by the FCRA, Plaintiff fails to allege the elements necessary to state a claim.  The New Jersey Supreme Court explains that to state such a cause of action, a "'plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe.'" Taylor v. Metzger, 152 N.J. 490, 509 (N.J. 1998) (citing Buckley v. Trenton Sav. Fund Soc'y, 111 N.J. 355, 365-67, 544 A.2d 857 (1988)).

> "The conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" [Internal citation omitted]. "'The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'"

Taylor, 152 N.J. at 509 (citing 49 Prospect St. Tenants Ass'n v. Sheva Gardens, Inc., 227 N.J. Super. 449, 472, 547 A.2d 1134 (App.Div.1988) (quoting Restatement, supra, § 46 cmt. D)); see also Witherspoon v. Rent-A-Center, Inc., 173 F. Supp. 2d 239, 242 (D.N.J. 2001) ("To establish an intentional infliction of emotional distress claim under New Jersey law, a plaintiff must show (1) that the defendant intended to cause emotional distress; (2) that the conduct was extreme and outrageous; (3) that the actions proximately caused emotional distress; and (4) that plaintiff's emotional distress was severe.")

13

Here, Plaintiff simply asserts that SPV sent him two letters. Compl., ¶1.  Plaintiff alleges

no conduct that was "so outrageous in character, and so extreme in degree, as to go

beyond all possible bounds of decency, and to be regarded as atrocious, and utterly

intolerable in a civilized community." Id.  Plaintiff makes no allegation that the SPV

intended to cause emotion distress or that the actions proximately caused emotional

distress. See id.  Thus, Plaintiff has merely asserted a conclusion of law which is

insufficient to state a claim under Twombly and Iqbal.

## VI.    THERE IS NO PRIVATE RIGHT OF ACTION FOR PROVIDING INACCURATE INFORMATION TO CREDIT REPORTING AGENCIES.

There is no private right of action for providing inaccurate information to credit

reporting agencies.  For purposes of this motion only, SPV should be viewed as a "data

furnisher" pursuant to the FCRA, as Plaintiff has alleged that SPV provided information

to the credit bureaus.  The duties of a data furnisher are set forth in 15 U.S.C. § 1681s-2,

and include a duty to provide accurate information.  15 U.S.C. § 1681s-2(a).   The same

statute provides that those duties are only triggered upon a notice of dispute from a credit

reporting agency.   Any claims in Plaintiff's complaint alleging that the information

furnished by SPV was incomplete or inaccurate would allege a violation of the duty to

report accurate information under 15 U.S.C. § 1681s-2(a).  However, there is no private

right of action for violations of 15 U.S.C. §1681s-2(a) because Congress limited the

enforcement of those duties imposed by §1681s-2(a) to governmental bodies only. See

e.g., Edwards v. Equable Ascent, Fin., 2012 U.S. Dist. LEXIS 54112, at *9 (D.N.J. Apr.

16, 2012);  Martinez v. Granite State Mgmt. & Res., 2008 U.S. Dist. LEXIS 94995, *4-*5 (D.N.J. Nov. 20, 2008) ("There is, however, no private right of action under § 1681s-2(a)(3). . .and any claim of [plaintiff] under §1681s-2(a) is dismissed with prejudice"); Dimedio v. HSBC Bank, 2009 U.S. Dist. LEXIS 52238, *6 (D.N.J. June 22, 2009); Bartell v. Dell Fin. Servs., 2007 U.S. Dist. LEXIS 736, *6-*8 (M.D. PA. 2007); Lorenzo v. Palisades Collection, L.L.C., 2006 U.S. Dist. LEXIS 17212, *5 (D.N.J. Apr. 5, 2006); Young v. Equifax Credit Information Systems, 294 F. 3d 631, 639 (5th Cir. 2002); see also Carney v. Experian Info. Solutions, Inc., 57 F.Supp. 2d 496, 502 (W.D. Tenn. 1999). Because Plaintiff has no right of action to raise a claim based on inaccurate reporting without notice of the dispute to SPV (the furnisher) from the credit bureau, these claims must be dismissed with prejudice.  Plaintiff has merely asserted a conclusion of law which is insufficient to state a claim under Twombly and Iqbal.

## VII. TO THE EXTENT THAT PLAINTIFF'S COMPLAINT STATES COMMON LAW CLAIMS, THEY ARE PREEMPTED BY THE FCRA.

In his complaint, Plaintiff alleges that SPV violated the Fair Credit Reporting Act. Compl., ¶2.  15 U.S.C. §1681t(b) provides that "no requirement or prohibition may be imposed under the laws of any State – (1) with respect to any subject matter regulated under – (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."   "By enacting section 1681t(b)(1)(F) Congress wanted to eliminate all state causes of action relating to the responsibilities of persons who furnish information to consumer reporting agencies." Campbell v. Chase Manhattan Bank, USA, N.A., 2005 U.S. Dist. LEXIS 16402, *51 (D.N.J. 2005) (citing Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356,

361 (E.D. Pa. 2001).

The allegations of intentional infliction of emotional distress against CPS and SPV in Plaintiff's complaint relate to CPS's and SPV's furnishing of information to credit bureaus. (Compl. ¶ 3).  As a matter of law, these common law claims against CPS and SPV must be dismissed as they are preempted by 15 U.S.C. §1681t(b).

## **<u>CONCLUSION</u>**

For the forgoing reasons, Defendant SPV respectfully requests the dismissal of Plaintiff's Complaint.

MAURICE & NEEDLEMAN, P.C.
Attorneys for Defendant
Cavalry SPV 1, LLC
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ 08822
(908) 237-4550
rmarin@mnlawpc.com

**<u>/s/ RACHEL MARIN</u>**
Rachel Marin

Date: October 3, 2012

16

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss the Plaintiff's Complaint was served on this date via the electronic filing system to the following:

Douglas Tischler
926 RXR Plaza
 Uniondale, NY 11556-0926

I further certify that a true and correct copy of the foregoing Motion to Dismiss the Plaintiff's Complaint was served on this date via the electronic filing system, by certified mail and regular mail, postage-prepaid, addressed to the following:

Daryl Fallas
77 Parker Avenue
Deal, NJ 07723

**/s/ RACHEL MARIN**
Rachel Marin

Date: October 3, 2012

17