IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY (TRENTON)

| | |
|---|---|
| **DARYL FALLAS,** | 12-cv-05664-PGS-DEA |
| Plaintiff, | Hon. Peter G. Sheridan |
| v. | |
| **CAVALRY SPV I, LLC AND SCHACHTER PORTNOY, LLC,** | |
| Defendants. | |

## DEFENDANT CAVALRY SPV 1, LLC'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

On the Brief:

Donald S. Maurice, Esq.

                                                MAURICE & NEEDLEMAN, P.C.
                                                Attorneys for Defendant
                                                Cavalry SPV 1, LLC
                                                5 Walter E. Foran Blvd., Suite 2007
                                                Flemington, NJ 08822
                                                (908) 237-4550

**Dated**: October 4, 2012

Defendant, Cavalry SPV 1, LLC by and through its counsel, Maurice & Needleman, P.C., hereby moves this Court to deny Plaintiff's Objection to Removal from New Jersey Court ("Motion to Remand").  In support thereof, Cavalry SPV 1, LLC avers the following:

### FACTS

Plaintiff Daryl Fallas ("Plaintiff") filed a complaint (Doc. 1, Exhibit A) on July 13, 2012 in New Jersey Superior Court, Mercer County, Case No. L-1632-12, alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692, et seq.), the Fair Credit Reporting Act (15 U.S.C. §§ 1681, et seq.) and a common law claim for intentional infliction of emotional distress against Defendants Cavalry SPV 1, LLC and Schacter Portnoy, L.L.C. Defendant, Cavalry SPV 1, LLC removed the action to the District of New Jersey on September 12, 2012. (Doc. 1).  Plaintiff filed opposition to the Removal on September 21, 2012. (Doc. 5).

### STANDARD OF REVIEW

The removing party bears the burden of establishing all elements necessary to establish federal subject matter jurisdiction. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). "The Third Circuit mandates that all doubts are to be resolved against removal." Russ v. Unum Life Ins., 442 F. Supp. 2d 193, 196 (D.N.J. 2006) (citing Boyer, 913 F.2d at 111 (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006 (3d Cir. 1987))). 2004).

1

**ARGUMENT**
**THE SEPTEMBER 12, 2012 REMOVAL IS TIMELY BECAUSE DEFENDANT CAVALRY SPV 1, LLC WAS EITHER SERVED ON AUGUST 25, 2012 OR WAS NEVER SERVED AT ALL, IN WHICH INSTANCE, ITS TIME TO REMOVE HAS NOT YET COMMENCED.**

A civil action brought in a state court may be removed by defendants to a United States District for the district and division "embracing the place where such action is pending" when the federal courts have original jurisdiction over the claims asserted. 28 U.S.C. § 1441(a). The procedure for removal of such actions from state to federal courts is set out in 28 U.S.C. § 1446. Section 1446 provides that where removal is made solely on the basis of § 1441(a) (as is the case here and is not raised as an objection by Plaintiff), then all the following must be satisfied:

1. "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." § 1446(b)(2)(A)

2. Each defendant has 30 days "after receipt by or service on that defendant of the initial pleading or summons described in [§1446(b)(1)] to file the notice of removal." § 1446(b)(2)(B); and

3. "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." § 1446(b)(2)(C)

A party seeking to remand a matter to the state court "on the basis of any defect other than subject matter jurisdiction" must file his remand motion within 30 days after the filing of the notice of removal. § 1447(c). If the basis for remand is that the court lacks subject matter jurisdiction, the matter can be remanded at any time before final judgment. Id.

2

**A. Plaintiff Did Not Effect Service on Defendant, Cavalry SPV 1, LLC on July 25, 2012; Rather Plaintiff Made an Attempt to Serve this Defendant on August 23, 2012**

Plaintiff has moved before the court under § 1447(c) seeking to remand this matter to the state court on the basis that because "service was made on July 25, 2012," the removal on September 12, 2012 was past the 30-day period provided by § 1446. Plaintiff's Objection, etc., p. 1 (Doc.5). [1]

Pursuant to Fed. R. Civ. P. 81(c), the Federal Rules of Civil Procedure apply to civil actions removed from state courts "and govern procedures after removal." However, the Federal Rules do not apply to pre-removal filings and the court must look to state procedural rules for pre-removal activities. See Romo vs. Gulf Stream Coach, Inc., 250 F.3d. 1119, 1122 (7th Cir. 2001); see also Anderson v. Allstate Ins. Co., 630 F.2d 677, 682 (9th Cir. 1980); Norsyn, Inc. v. Desai, 351 F.3d. 825, 829, n. 4 (8th Cir. 2003). In this instance, examination of New Jersey's procedural rules is required to determine when or if Defendant Cavalry SPV 1, LLC was served.

1. The Purported Service on July 25, 2012 is Against "Schachter Portnoy" and not Defendant Cavalry SPV 1, LLC, therefore, this Defendant's Time to Remove Was not Commenced on July 25, 2012.

Plaintiff filed his complaint in the Superior Court of New Jersey, Law Division. New Jersey procedural rules provide that the primary method of obtaining in personam jurisdiction over a defendant is by personal service of a summons and complaint pursuant to New Jersey Court Rule

---

[1] Plaintiff does not assert that the court lacks original jurisdiction over the claims asserted in the complaint. In fact, this court has jurisdiction to hear the claims under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692(k)(d). Plaintiff states in his legal argument in support of remand that his claims are made under the "New Jersey Fair Debt Collection Practices Act."(emphasis added). However, a search of New Jersey Statutes does not find such and Act. See also, Chulsky v. Hudson Law Offices, P.C., 777 F. Supp. 2d 823, 844 (D.N.J. 2011) ("New Jersey has not adopted its own fair debt collections act."). In addition to claims under the FDCPA, Plaintiff's complaint also asserts Defendants violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq., and this court also has jurisdiction over these claims. § 1681p. Supplemental jurisdiction can be exercised over the state law claim.

4:4. As a business entity, personal service upon Defendant Cavalry SPV 1, LLC is made either upon its registered agent or a person authorized to accept service. New Jersey Court Rule 4:4-4(a)(6).

As proof of such service, Plaintiff submitted a document which appears to be a return of service from the Mercer County Sheriff's Department stating "Schachter Portnoy" was served in the within matter on July 25, 2012, in Princeton, New Jersey. Plaintiff's Objection, etc., Ex. A (Doc. 5). [2] This document does not indicate service having been made upon Defendant Cavalry SPV 1, LLC. Therefore, this Defendant's time to remove this action was not triggered by the July 25, 2012 service on "Schachter Portnoy."

2. Service was Purported to be made on August 23, 2012 Against "Cavalry Portfolio Services" and is not Effective Service Upon Defendant Cavalry SPV 1, LLC.

Attached to the Declaration of Douglas Tischler (Doc. 6) dated October 3, 2012, as Exhibit "A", is a copy of a return of service from the Mercer County Sheriff's Department stating "Cavalry Portfolio Services" was served in this action on August 23, 2012, in Princeton, New Jersey. "Cavalry Portfolio Services" is not purported to be the same entity as Defendant Cavalry SPV 1, LLC.

That Defendant Cavalry SPV 1, LLC is a foreign business entity registered in the State of New Jersey with a designated service agent is public record. Attached hereto as Exhibit "A" is a Status Report for Defendant Cavalry SPV 1, LLC obtained from the State of New Jersey's Division of Commercial Recording, New Jersey Business Gateway Business Entity Information and Records Service, dated September 28, 2012 (the "Corporate Status Report"). It reports that

---

[2] Plaintiff's reliance on the July 25, 2012 return of service against "Schachter Portnoy" being effective as to Defendant Cavalry SPV 1, LLC, only suggests that Defendant Schachter Portnoy, LLC was never served. In that instance, Defendant Schachter Portnoy, LLC would still have time to remove this matter from state court.

Defendant Cavalry SPV 1, LLC has designated the Corporation Trust Company in West Trenton, New Jersey, as its agent for service of process. The status report also identifies Defendant Cavalry SPV 1, LLC as having its main office in Valhalla, NY, and a Don Strauch as its Vice President.

The Corporate Status Report neither designates "Schachter Portnoy" nor "Cavalry Portfolio Services" as persons or agents authorized to accept service for Defendant Cavalry SPV 1, LLC. Plaintiff himself understands Defendant Cavalry SPV 1, LLC does not maintain an office in Princeton, New Jersey. Plaintiff's Objection, etc., (Doc. 5), p. 3 ("Based in Arizona and New York, the Cavalry companies. . ."). Thus, whomever Plaintiff served in Princeton New Jersey on July 25 and August 23, 2012, were understood by him as persons not within an office of Defendant Cavalry SPV 1, LLC. In any event, the returns of service do not evidence service of the summons and complaint as required by New Jersey Court Rule 4:4-4(a)(6).

Plaintiff has not served the summons and complaint upon Defendant Cavalry SPV 1, LLC's registered agent or a person authorized to accept service as required by New Jersey Court Rule 4:4-4(a)(6).  Defendant Cavalry SPV 1, LLC's time to remove this action has not yet commenced.

3. <u>Defendant Cavalry SPV 1, LLC Removed this Case in an Abundance of Caution and to Avoid Any Needless Delay.</u>

Although Plaintiff has never served Defendant Cavalry SPV 1, LLC with his summons and complaint, it believed it prudent to remove this matter to this court for disposition. While the July 25, 2012, return of service against "Schachter Portnoy" does not purport to evidence service upon Defendant Cavalry SPV 1, LLC, the August 23, 2012 return of service upon "Cavalry Portfolio Services", despite is significant deficiencies, could confuse the *pro se* Plaintiff to believe he did effect service upon Defendant Cavalry SPV 1, LLC, causing cause him to take

actions that would needlessly multiply this litigation. In fact, this appears to be already underway. See, Plaintiff's Objection, etc., p. 2 "Brief in Support of Request to Enter Default Judgment;" "Brief in Support of Request to Forward this Complaint to the Criminal Division Immediately After Entry of Default."

## CONCLUSION

If the August 23, 2012 return of service upon "Cavalry Portfolio Services" is deemed effective service upon Defendant Cavalry SPV 1, LLC, then its removal of this matter on September 12, 2012, was timely because Defendant Cavalry SPV 1, LLC was the last Defendant to be served and it has the consent of all other Defendants to this removal. Declaration of Douglas Tischler (Doc. 6), ¶ 4.  If the August 23, 2012 return of service upon "Cavalry Portfolio Services" in Princeton, New Jersey *is not* effective service upon Defendant Cavalry SPV 1, LLC of Valhalla, New York, then the time to remove this matter has not yet begun to run and this removal is still timely.

WHEREFORE, Defendant Cavalry SPV 1, LLC respectfully requests this Court to deny Plaintiff's motion to remand this matter to the New Jersey state courts.

    Respectfully submitted,

    MAURICE & NEEDLEMAN, P.C.

    */s/ Donald S. Maurice, Jr.*
    Donald S. Maurice, Jr., Esq.
    *Attorney for Defendant,*
    **Cavalry SPV I, LLC**
    5 Walter E. Foran Blvd., Suite 2007
    Flemington, New Jersey 08822
    908-237-4550
    908-237-4551
    dsm@mnlawpc.com

Dated: October 4, 2012

# EXHIBIT A

New Jersey Business Gateway
Business Entity Information and Records Service
Business Id : 0400383874

```
Status Report For:      CAVALRY SPV I,  LLC
Report Date:            9/28/2012
Confirmation Number:    2272174341
```

**IDENTIFICATION NUMBER, ENTITY TYPE AND STATUS INFORMATION**

```
Business ID Number:      0400383874
Business Type:           FOREIGN LIMITED LIABILITY COMPANY
Status:                  ACTIVE
Original Filing Date:    12/02/2010
Stock Amount:            N/A
Home Jurisdiction:       DE
Status Change Date:      NOT APPLICABLE
```

**REVOCATION/SUSPENSION INFORMATION**

```
DOR Suspension Start     N/A
Date:
DOR Suspension End       N/A
Date:
Tax Suspension Start     N/A
Date:
Tax Suspension End       N/A
Date:
```

**ANNUAL REPORT INFORMATION**

```
Annual Report Month:     DECEMBER
Last Annual Report       N/A
Filed:
Year:                    N/A
```

**AGENT/SERVICE OF PROCESS (SOP) INFORMATION**

```
Agent:                   THE CORPORATION TRUST COMPANY
Agent/SOP Address:       820 BEAR TAVERN ROAD ,WEST TRENTON,NJ,08628
Address Status:          DELIVERABLE
Main Business Address:   500 SUMMIT LAKE DRIVESUITE
                         400,VALHALLA,NY,10595 1340
Principal Business       N/A
Address:
```

**ASSOCIATED NAMES**

```
Associated Name:         N/A
Type:                    N/A
```

New Jersey Business Gateway
Business Entity Information and Records Service
Business Id : 0400383874

**PRINCIPALS**

Following are the most recently reported officers/directors (corporations), managers/members/managing members (LLCs), general partners (LPs), trustees/officers (non-profits).

         Title:              N/A
         Name:               N/A
         Address:            N/A

**FILING HISTORY -- CORPORATIONS, LIMITED LIABILITY COMPANIES, LIMITED PARTNERSHIPS AND LIMITED LIABILITY PARTNERSHIPS**

To order copies of any of the filings below, return to the service page, https://www.njportal.com/DOR/businessrecords/Default.aspx and follow the instructions for obtaining copies. Please note that trade names are filed initially with the County Clerk(s) and are not available through this service. Contact the Division for instructions on how to order Trade Mark documents.

Charter Documents for Corporations, LLCs, LPs and LLPs

         Original Filing        2010
         (Certificate)Date:

Changes and Amendments to the Original Certificate:

         Filing Type            Year Filed
         N/A                    N/A

Note:
Copies of some of the charter documents above, particularly those filed before August 1988 and recently filed documents (filed less than 20 work days from the current date), may not be available for online download.

- For older filings, contact the Division for instructions on how to order.
- For recent filings, allow 20 work days from the estimated filing date, revisit the

New Jersey Business Gateway
Business Entity Information and Records Service
Business Id : 0400383874

```
periodically, search for the business again and build a current list of its
filings. Repeat this procedure until the document shows on the list of documents
available for download.
```

The Division cannot provide information on filing requests that are in process. Only officially filed documents are available for download.